IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:23-CR-153 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| DEON ELLEASE COOPER, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

# Table of Contents

INTRODUCTION ........................................................................................... 1

ADVISORY GUIDELINES RANGE ........................................................... 2

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 70 MONTHS' PRISON..... 6

CONCLUSION.............................................................................................. 9

**INTRODUCTION**

Defendant straw purchased multiple firearms for an OMB gang member who then either personally possessed the guns or transferred them to other gang members. Defendant also counseled her conspirator as to how to best avoid law enforcement detection for their crimes. Further, following a gang-related double homicide, Defendant helped the gang move firearms from one of their operation hubs. This conduct presents a danger to the community on multiple levels, many of which are not accounted for by the guideline range. The Court should impose a sentence of 70 months' imprisonment.

1

# ADVISORY GUIDELINES RANGE

The government agrees with the advisory guidelines range contained in the PSR, which is as follows:

| | |
|---|---|
| Base offense level (§2K2.1(a)(4)(B)) | 20 |
| 3 to 7 firearms (§2K2.1(b)(1)(A)) | +2 |
| Firearms trafficking (§2K2.1(b)(5)) | +4 |
| Acceptance of responsibility (§3E1.1) | -3 |
| Total offense level | 23 |
| | |
| Criminal History | II |
| | |
| Guidelines range: | 51 to 63 months' imprisonment |

*A mitigating role reduction is not applicable*

Defendant objects to the guideline calculation contained in the PSR and argues that she should be entitled to a mitigating role reduction, pursuant to USSG §3B1.2. (Dkt. No. 248 at ¶ 1.) Defendant requests either a two- or four-point reduction. *See* Dkt. No. 248 at ¶ 2. For the reasons that follow, Defendant is not entitled to a role reduction.

Defendant bears "the burden of establishing her entitlement to a minor-role reduction." *United States v. Durham*, 836 F.3d 903, 911 (8th Cir. 2016). USSG §3B1.2 states that "[b]ased on the defendant's role in the offense, decrease the offense level as follows (a) if the defendant was minimal participant in any criminal activity, decrease by 4 levels. (b) If the defendant was a minor participant in any criminal activity, decrease by 3 levels. In cases falling between (a) and (b), decrease by 3 levels." USSG §3B1.2. Application Note 3(C) outlines a number of factors the court may consider in determining whether a mitigating role applies. USSG §3B1.2,

2

comment. (n.3(C)). Included in that list is "the degree to which the defendant understood the scope and structure of the criminal activity. . .the degree to which the defendant participated in planning and organizing the criminal activity. . .the degree to which the defendant exercised decision-making authority or influences the exercise of decision-making authority. . .the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts . . . ." USSG §3B1.2, comment. (n.3(C)).

"[M]erely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was deeply involved in the offense." *United States v. Jones*, 25 F.4th 1077, 1079 (8th Cir. 2022) (quoting *United States v. Cubillos*, 474 F.3d 1114, 1120 (8th Cir. 2007) (internal quotation marks and citations omitted). Furthermore, a participant "who is 'less culpable' but still 'deeply involved' is not *substantially* less culpable than the average participant in the criminal activity" as required for a role reduction. *Jones*, 25 F.4th at 1079-80 (internal citations and quotations omitted).

Here, Defendant is not entitled to a mitigating role reduction for multiple reasons. First, while in her objection letter Defendant does not provide details regarding the justification for the role reduction, the government surmises that Defendant's argument will be that she was not aware of the larger operations of the RICO conspiracy and, other than her straw purchasing of firearms for that organization, was not otherwise involved. However, what this argument ignores is

3

that Defendant's role in her offenses, which didn't just amount to the RICO conspiracy as she also pled guilty to False Statement During Purchase of Firearm, Straw Purchasing Conspiracy, and Straw Purchasing of a Firearm, was in no way minimal. Defendant's role in those crimes was the essential, starring role. Without Defendant, there would have been no false statement and no straw purchases, which also form the whole basis for her racketeering acts in Count 1. Her criminal conduct was the crime. And that kind of deep involvement disqualifies her from the reduction.

Second, even taking into account the RICO conspiracy as a whole, Defendant is not entitled to a mitigating role reduction. The unobjected to information in the PSR shows Defendant was "deeply involved" in the offense, which disqualifies her from receiving a role reduction, even if she was less culpable than others. *Jones*, 25 F.4th at 1079. Defendant had "knowledge of the scope and structure of the conspiracy and observed the activities of others in the conspiracy." *United States v. Denton*, 434 F.3d 1104, 1115 (8th Cir. 2006). During the conspiracy's operations, Defendant lived in one of the central hubs of the enterprise's criminal activity—the 23rd Street residence—with her brother (Santiz Langford) and mother (Dawn Robinson). (PSR ¶ 24.) Both of these individuals were also part of the enterprise. From that residence, drugs and firearms were distributed and stored. (PSR ¶¶ 23, 24.)

Defendant's actions show she was aware of the gang-related activity she was assisting. After her brother sent her a gang rap video featuring numerous firearms, Defendant told Langford she liked the video but to make sure to say the guns in the video were props. (PSR ¶ 17.) Further, Defendant assisted the enterprise with

4

moving guns from the 23rd Street residence after a gang-related double homicide occurred. (PSR ¶¶ 23, 26.) And she instructed her gun customer about ways to conceal their crimes, showing a level of planning, organization, and decision-making authority over how the crimes were committed. (PSR ¶ 17.)

Finally, Defendant's repeated insertion of firearms into a violent criminal street gang is not representative of someone who is "less culpable" than the other members, and shows she was deeply involved. While, true, she was absolutely not the leader of the gang, she played an essential role for its operations. Without Defendant, and other straw purchasers like her, this gang could not have carried out one of its essential functions—committing acts of violence to maintain their perceived street legitimacy. Her acquisition of guns for the group, which were then distributed to its members, is akin to a drug dealer for the conspiracy; while the medium is different (guns vs. drugs), the rationale is the same. And, the Eighth Circuit has repeatedly held that this behavior does not warrant a mitigating role reduction. *See, e.g.*, *United States v. Whirlwind Soldier*, 499 F.3d 862, 873 (8th Cir. 2007) (minimal participant reduction not warranted where the defendant "was an active and frequent seller of methamphetamine" and also directed others); *United States v. Johnson*, 358 F.3d 1016, 1019 (8th Cir. 2004) (defendant not entitled to mitigating role where he conducted two drug sales and arranged for a future sale); *United States v. O'Dell*, 204 F.3d 829, 837-38 (8th Cir. 2000) (defendant was deeply involved in an offense and not entitled to a role reduction when he stored, transported, and helped cut methamphetamine); *United States v. Williams*, 185 F.3d 945, 946 (8th Cir. 1999)

(finding mitigating role inappropriate where defendant conducted two drug sales for the conspiracy).

Thus, Defendant has not met her burden for a mitigating role reduction. She was deeply involved in the crimes at issue in this case, helped plan for more efficient operations, and played an essential role in the enterprise's operations. Defendant was not substantially less culpable than her co-defendants. The Court should overrule Defendant's objection.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 70 MONTHS' PRISON**

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence of 70 months' imprisonment.

Defendant purchased multiple firearms for the OMB criminal street gang. As further outlined below, as well as in the PSR, there are aggravating factors present, some of which are not taken into account by the guideline range. Thus, an upward variance is warranted.

Throughout most of 2022, Defendant repeatedly lied on firearms purchasing forms so that she could acquire guns for her gang member brother—Santiz Langford. Some of the guns Defendant bought have been recovered by law enforcement. Two such guns—a Ruger 57 and a Diamondback—were found in a bag of guns in a gang member's house during a search warrant. Upon recovery, the Diamondback was loaded with 56 rounds of ammunition, and the Ruger's serial number was obliterated. The obliterated serial number is not taken into account by the guideline calculation. A third gun purchased by Defendant—a Glock model 20 pistol—was recovered in Langford's possession during a search warrant. At the same time he possessed the straw purchased gun, Langford possessed a large quantity of fentanyl/heroin/xylazine and marijuana, as well as two other Glocks, one of which was a machinegun.

Although Defendant's straw purchasing behavior is serious in and of itself, her concerning behavior didn't stop there. After a gang-related double homicide at a school, Defendant assisted OMB by removing a suitcase containing guns, ammunition, and parts from one of the gang's operation hubs (a house she sometimes lived in with her brother and mother, also enterprise members/associates). She not only kept the suitcase in her vehicle until it was discovered by law enforcement during a search warrant, but moved it from the backseat to the trunk to better conceal

7

it. Additionally, Defendant gave Langford pointers on how to more proficiently commit their crimes, including making sure that their gang music videos contained a disclaimer that the guns being displayed were props (which they weren't) and how to best falsely report her straw purchased guns as stolen. During all this, Defendant knew Langford was both a drug user, and on probation.

While the guideline calculation in this case takes into account some of the aggravating behavior, due to the operation of the 2021 United States Sentencing Guidelines, the straw purchasing activity conducted by Defendant is not accounted for by the guideline calculation. Had Defendant been sentenced utilizing the 2023 United States Sentencing Guidelines, she would have received a five-level increase under USSG §2K2.1(b)(5)(C), and a two-level enhancement under USSG §2K2.1(b)(8)(B). These enhancements take into account the *who* and *why* of the straw purchasing behavior, which is one of the driving aggravating factors in this case. Had these enhancements been applied, a guideline imprisonment range of 70 to 87 months would have resulted. The Court should sentence using this range.

Defendant's crimes are serious and multi-layered. While she herself was not the trigger-puller of the guns she bought, her intentional circumvention of firearms purchasing laws, which are in place precisely to prevent her behavior, ensured guns ended up in the hands of people who should not have them. People whose primary goal was to use these guns to hurt others and inflict violence upon our community. Defendant, at age 28, is old enough to know better. She graduated from high school and has been employed regularly over her adulthood. And, even worse, she

8

recognized that was she was doing was illegal and wrong and provided advice to conspirators as to how to best disguise their crimes and also helped them with the cover-up.

An upward variance to a sentence of 70 months is warranted to account for the aggravating circumstance of Defendant's offenses. As outlined above, the 2021 Guidelines do not take into account the heart of the straw purchasing activity represented by Defendant's crimes. Application of the 2023 Guidelines, which were revised to incorporate the new straw purchasing laws contained in Counts 9 and 24 (and the corresponding racketeering acts underlying Count 1), would have resulted in a 70 to 87 months' imprisonment range. A sentence at the bottom of that range, 70 months, more accurately represents the conduct here

## CONCLUSION

The Court should impose a sentence of 70 months' imprisonment.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: */s/ Kristin M. Herrera*
Kristin M. Herrera
Mallory E. Weiser
Assistant United States Attorneys
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: kristin.herrera@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on October 18, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail  \_\_\_\_ Fax  \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing  \_\_ Other means (email)

UNITED STATES ATTORNEY
By:  */s/Kristin M. Herrera, AUSA*